FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

C/M   OCT 2 6 2012   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
ROSA A. CRUZ,

        Plaintiff,

   - against -

GARDEN OF EDEN WHOLESALE, INC.,

        Defendant.
---------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

12 Civ. 5188 (BMC) (MDG)

**COGAN, District Judge.**

Plaintiff *pro se* filed the instant complaint alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the action is dismissed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to liberally construe plaintiff's complaint and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94

(2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678 (citations omitted). The plausibility standard imposes a burden to assert facts supporting a claim for relief. As the Iqbal court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (internal citations and quotation marks omitted).

## DISCUSSION

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) she is a member of a protected class, (2) she was qualified for the position she held, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010); Joseph v. North Shore University Hosp., No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

Plaintiff alleges that she was discriminated against based on her national origin. However, she offers no factual allegations in support of her claim. Plaintiff simply asserts that she was employed by defendant for three months when a manager "started treating [her] inappropriately." Even construed liberally, plaintiff's complaint alleges no facts that could possibly connect any adverse employment action to a protected status. Moreover, plaintiff fails to allege any facts which show that she was terminated under circumstances giving rise to an inference of discrimination. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); see also Arista Records, 604 F.3d at 120-21 (noting that although Twombly and Iqbal did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

Plaintiff has annexed to her complaint the administrative filing she made with the State Division of Human Rights. In this filing, plaintiff admitted that she does not know why she was fired. She hypothesizes that "maybe" it was because her supervisor "has something against Dominican women," or that "maybe [she has] something against women who can't speak English [sic]," or that "maybe" she has something "against hard workers" who might outperform her. Plaintiff even admits that her supervisor's antipathy might have been purely personal in nature. The Court cannot consider a claim to be plausible when the plaintiff, herself, acknowledges that illegal discrimination is merely one of many possible, but factually unsupported, reasons for her termination.

The Court has considered whether to grant plaintiff leave to amend. It is axiomatic that leave to amend need not be granted if to do so would be futile. See Dluhos v. Floating and

Abandoned Vessel, Known as New York, 162 F.3d 63, 69 (2d Cir. 1998) (holding that although "leave to amend should be freely given" and "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim," a motion to amend should be denied if doing so would be "futile." (internal citations and quotation marks omitted)). In light of her administrative filing, in which she acknowledges that she has no facts supporting her claim of illegal discrimination, granting leave to amend would be futile.

## CONCLUSION

Plaintiff's complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

/S/ Judge Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 26 2012